UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MITCHELL R. OWENS, | |
|     Petitioner, | |
|         v. | Civil No. 14-cv-384-JPG |
| UNITED STATES OF AMERICA, | Criminal No 12-cr-40055-JPG-001 |
|     Respondent. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Mitchel R. Owens' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On December 6, 2012, the petitioner pled guilty to one count of conspiring to distribute more than 50 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. At the plea hearing and in a written stipulation of facts, the petitioner admitted his relevant conduct was 124.8 grams of pseudoephedrine. On March 22, 2013, the Court adopted the presentence investigation report's ("PSR") finding that the petitioner's relevant conduct was 124.8 grams of pseudoephedrine, exactly what he admitted in his plea, which is the equivalent for sentencing purposes of 1,248 kilograms of marihuana equivalent ("MEU") or 78 grams of a mixture and substance containing methamphetamine. The Court sentenced the petitioner to serve 151 months in prison. The petitioner did not appeal his sentence.

In his § 2255 motion, the petitioner raises the following claim:

- Ineffective assistance of counsel in violation of the Sixth Amendment for failure to object to the PSR's relevant conduct finding as including amounts beyond the scope of the conspiracy.

He asks the Court to vacate his sentence and remand the case so he can be resentenced.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United

States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Owens faults his counsel for failing to object to the PSR's finding that his relevant conduct was 124.8 grams of pseudoephedrine, the equivalent of 1,248 kilograms of MEU for sentencing purposes. Owens fails to recognize that this is the exact amount of the relevant conduct he admitted under oath in his plea colloquy and in his written stipulation of facts. Counsel is not deficient for failing to challenge a finding consistent with a defendant's own admissions in a plea colloquy, which are presumed to be true. *See United States v. Chavers*, 515 F.3d 772, 724 (7th Cir. 2008). Furthermore, when a § 2255 petitioner faults his attorney for failing to object or present evidence at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence would have had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Owens has not pointed to any evidence or argument counsel could have used to overcome the presumption that his admissions during the plea colloquy were true or to cause the Court to find a different relevant conduct amount.

For these reasons, it is plain from the motion and the record of the prior proceedings that the petitioner's counsel was not constitutionally deficient, the petitioner did not suffer prejudice from counsel's performance, and the petitioner is not entitled to relief under § 2255.

Accordingly, the Court **DENIES** the petitioner's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").   The Court finds that the petitioner has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: August 14, 2014**

>                              s/J. Phil Gilbert
>                              **J. PHIL GILBERT**
>                              **DISTRICT JUDGE**